IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY FRANK CAMERON, #105591, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-920-F |
| | ) | [WO] |
| | ) | |
| DONAL CAMPBELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jimmy Frank Cameron ["Cameron"], a state inmate, complains that the defendants used excessive force against him and denied him adequate medical treatment at the Ventress Correctional Facility. On September 30, 2005, Cameron filed a motion for retaliatory injunction, *see Court Doc. No. 5*, which the court construes as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.* Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Cameron must demonstrate are:  (1) a substantial likelihood

of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Cameron outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

    Cameron fails to present any evidence of a substantial likelihood of success on the merits or that he will suffer irreparable harm absent issuance of a preliminary injunction. He also fails to address the balance of equities or whether the issuance of an injunction

would be in the public interest. The pleadings before the court therefore fail to establish that Cameron meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction filed by Cameron on September 30, 2005 be denied.

It is further

ORDERED that on or before October 31, 2005 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former

Fifth Circuit issued prior to September 30, 1981.

DONE, this 18th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE