# IN THE UNITED STATES DISTRICT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISON

| | | |
|---|---|---|
| JIMMY FRANK CAMERON,<br>AIS #105591 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02:05-CV-920-F |
| | ) | |
| COMMISIONER DONEL CAMPBELL,<br>et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT

**COMES NOW** the Defendants, by and through counsel, and files this Special

Report by submitting the following:

### PLAINTIFF'S ALLEGATIONS

1.  The Plaintiff, Jimmy Frank Cameron (AIS# 105591) is an inmate in the Ventress

    Correctional Facility located in Clayton, Alabama. Cameron alleges that while he

    was housed in Ventress Correctional Facility, Commissioner Campbell, and other

    the prison officials were negligent or deliberately indifferent because Wright was

    allegedly handcuffed and assaulted by correction officers.

2.  The Plaintiff seeks injunctive relief and monetary damages.(See Complaint)

3.  As directed, the Defendant has undertaken a review of the Plaintiff Cameron's

    claims to determine facts and circumstances relevant thereto. At this time, the

    Defendant is submitting this Report, which is supported the Affidavit of

    Correctional Officer I Michael Holland (see Exhibit "A"), the Affidavit of

Warden J.C. Giles, (attached hereto as Exhibit "B"), the Affidavit of Correctional

Officer I Inez D. Alexander (attached hereto as Exhibit "C").

### DEFENDANTS

1.  Commissioner Donal Campbell, ALDOC, 601 S. Perry St., Montgomery, AL.

2.  Warden J.C. Giles, Ventress Correctional Facility, POB 767, Clayton, AL.

3.  Michael Holland, same as number two (2).

4.  Inez D. Alexander, same as number two (2).

### DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.  The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.  The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.  The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4.  The Plaintiff is not entitled to any of the relief requested.

5.  The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6.  The Defendants are entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7.  The Defendants cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

8.  The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9.  The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Edu. Of Escambia County, 880 F. 2d 305, 309 (11th. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

The Plaintiff (hereinafter referred to as "Cameron") sues Defendants Campbell, Commissioner of the Alabama Department of Corrections and Warden J.C. Giles, assumingly, on a potential § 1983 theory that they have failed to enact adequate policies to prevent him from allegedly being assaulted by correctional officers (See Complaint). If so, then the language of 42 U.S.C.§ 1983 requires proof of a causal connection between the purported actions or omissions of the defendants and any constitutional deprivation.

Jones v. Pruett & Mauldin, 851 F. 2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of these defendants, a policy or custom established by these defendants that resulted in a deliberate indifference to the plaintiff's decedent's rights or breach of a duty imposed by state or local law. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). Cameron's complaint fails to specifically allege that these defendants had the ability to establish a custom or policy in regards to the alleged actions or omissions of the personnel at the facility. Further, the complaint fails to allege a causal connection between the purported custom or policy and alleged damages of Cameron.

Further, to the extent that Cameron has sued any of the defendants in their official capacities, they are all employees of the State of Alabama and cannot be held liable in damages in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has said:

> [T]here can be no doubt, however, that suit against the Sate and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed. 2d 662(1974); Ford Motor Co. v. dept. of treasury, 323 U. S. 459, 65 S. ct. 347, 89 L. Ed 2d 389 ( 1985)

To the extent that Cameron has sued these defendants in their official capacities, the suit is against the state. These defendants are absolutely immune from suit.

Cameron alleges the defendants who were at the facility were negligent when they failed to prevent him from being allegedly assaulted by correctional officers. Defendants deny the allegations of the complaint against them and suggest that on the day of this

matter, Defendant Alexander attempted to control a prison's television as a result of a number of inmates "shouting in the dorm." (See affidavit of Inez D. Alexander, exhibit "C"). In doing so, Cameron was verbally reprimanded by a Sgt. Carolyn Longmire for his behavior (Id.). Cameron was never assaulted but only scolded (Id.). All of is confirmed by Correctional Officer Michael Holland (See affidavit of Holland, exhibit "A").  As a "knee-jerk" reaction, Cameron brings this lawsuit. Warden Giles was notified of the allegations and investigated the same, determining that they were unfounded. (see affidavit of Giles, exhibit "B").Thus, this claim is without merit.

## IMMUNITIES

The defendants are entitled to qualified immunity from all claims asserted by Cameron in this case.  If Cameron was able to show in someway that any defendant was acting in his discretionary authority, the burden then shifts to Cameron to show that the defendant violated clearly established law based upon objective standards.  See Eubanks v. Gerwin, 40. F. 3d 1157, 1160(11th Cir. 1994).  Clearly, Cameron has not done so. Cameron must allege that any or all defendant violated a right clearly established in a fact-specific, particularized sense.  Edwards v. Gilbert, 867 F. 2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part , rec'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the

individual. <u>Vonstein v. Brescher,</u> 904 F. 2d 572, 579 (11th Cir. 1990) (quoting <u>Anderson</u> <u>v. Creighton,</u> 483 U.S. 635, 640, 107 S, Ct. 3034, 3039(1987).

Initially, the Defendant would note that "[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." <u>Pell v. Procunier,</u> 417 U.S. 817, 823, 94 S.Ct. 2800, 41 l.Ed.2d 495, 502 (1974)

> [t]he management by a few guards of large numbers of prisoner, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

<u>Johnson v. Glick,</u> 481 F.2d 1028, 1033 <u>cert</u> <u>denied,</u> 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

## USE OF FORCE

The Defendants emphatically deny that physical force was used on Cameron. Even so, whenever prison officials are accused of excessive force, the core inquiry is set forth in <u>Whitley v. Albers,</u> 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian,</u> 503 U.S.. ___, 112 S.Ct. 995, 117 L.Ed.2d 156, 165-166 (1992). Liability requires a showing by the plaintiff that there was no plausible basis for the official belief in the necessity for using the degree of force employed. <u>Whitley v. Albers,</u> 475 U.S. at 323, 89 L.Ed.2d at 263. The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when an inmate is subjected to "unnecessary and wanton infliction of pain". <u>Bennett v. Parker,</u> 898 F.2d 1530, 1532 (11th Cir. 1990). An evaluation of the conduct of prison officials'

conduct, the court must keep in mind the paramount concerns of maintaining order and discipline in an often dangerous and unruly environment. Ort v. White, 813 F.2d 318 (11th Cir. 1987). The management of inmates may "require or justify the occasional use of a degree of intentional force," and decisions made to restore order are entitled to deference. Bennett v. Parker, 898 F. 2d 1530 (11th Cir. 1990), citing Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973).

Several factors identified in Whitley control a court's decision on whether a prison guard has used excessive force: (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of the injury inflicted upon the prisoner. Whitely, 465 U.S. at 321, 106 S.Ct. at 1085.

As there was no assault or a hint of injury, Cameron can not establish the objective and subjective components of an Eighth Amendment violation. (See Brown v. Croce, 967 F.Supp. 101( S.D.N.Y. 1997), holding that an officer who twice slapped an inmate in the face, which resulted in no physical harm, constitutes a de minim's use of force not actionable under the Eighth Amendment).

Pursuant to the Court's October 5, 2005 Order, the defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The defendants have demonstrated through their evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that the defendants are therefore, entitled to a judgment in their favor as a matter of law. Cameron's submissions clearly fail to meet his required burden.

## CONCLUSION

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, the defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in his favor.

Respectfully submitted,


KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL

/s/GREG BIGGS (BIG004)
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL


**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL  36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th of November 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Jimmy Frank Cameron
AIS # 105591
Ventress Correctional Facility
P.O. Box 767
Clayton, AL.  36016

/s/Greg Biggs
Greg Biggs
Assistant Attorney General
Assistant General Counsel