IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| ) | [WO] |
| ) | |
| DONAL CAMPBELL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Jimmy Frank Cameron, a state inmate and frequent litigant in this court, challenges the manner in which he was handcuffed in September of 2005 and the medical treatment provided to him at the Ventress Correctional Facility. On November 29, 2006, Cameron filed a motion for retaliatory injunction (Court Doc. No. 32), which the court construed as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. *See Order of November 30, 2006 (Court Doc. No. 33)*. In this motion, Cameron asserts that correctional officials at the Bullock County Correctional Facility ["Bullock"] lodged a behavior citation against him for no reason and refuse to provide him with adequate medical treatment. He seeks issuance of an injunction "to stop the retaliatory actions ..." *Motion for Preliminary Injunction - Court Doc. No. 32* at 1.

In light of the allegations made by Cameron, the court entered an order requiring that

the defendants respond to his motion for injunctive relief.  *Order of November 30, 2006 (Court Doc. No 33)*.  On December 8, 2006, the defendants filed a response in accordance with the aforementioned order.  Upon review of the pleadings and documents filed by the parties, the court concludes that the motion for preliminary injunction is due to be denied.

## DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Cameron must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Cameron outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.  *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's

claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

In his motion for preliminary injunction, Cameron challenges a behavior citation issued to him and the medical treatment he has been provided since his transfer to Bullock. He seeks issuance of an injunction prohibiting any further adverse actions by correctional officials which he deems retaliatory.

The defendants filed a response to the motion for preliminary injunction, supported by relevant evidentiary materials, in which they dispute the allegations made by Cameron. Specifically, the defendants maintain that Cameron received a behavior citation on November 11, 2006 for violation of Rule #64, possession of contraband (gambling paraphernalia). This charge arose when, during a routine shakedown at Bullock, a correctional officer observed that "Cameron . . . did have in [his] possession a slick pick ticket . . ." *Defendants' Exhibit B - November 11, 2006 Behavior Citation*. With respect to Cameron's allegation of a denial of medical treatment, the defendants maintain that Cameron has received all necessary treatment for his complaints. The statement of nurse Eaton, the Director of Nursing at Bullock, indicates that medical personnel have evaluated and provided treatment to Cameron each time he reported to the health care unit. *Attachment to Exhibit A - Statement of Nurse Eaton.* The specific treatment prescribed

depended upon the observations and evaluations of Cameron's condition by the attending health care professional. *Id*. Additionally, Cameron has refused his prescribed medications on several occasions. *Id*.

In a rebuttal to this response, Cameron argues that the defendants' have presented "nothing but (lies) ... and the only treatment plaintiff has received is cosmetic treatment - just to appear to be treating plaintiff." *Plaintiff's Rebuttal* at 1-2. Cameron also contends that he "was not caught with any slick pick [ticket]." *Id*. at 1. Cameron advises the court that he "is currently working on another civil suit against Doctor Siddiq for prescribing plaintiff the wrong medication ...." *Id.* at 2.

Other than his self-serving, conclusory allegations of constitutional violations, Cameron presents nothing to support his claims of retaliation or deliberate indifference to his medical needs. Moreover, the defendants have presented a response, supported by evidentiary materials, which disputes Cameron's allegations. Cameron has therefore failed to establish a substantial likelihood of success on the merits. Moreover, the pleadings before the court are devoid of any evidence indicating that Cameron will suffer the requisite irreparable harm absent issuance of a preliminary injunction nor has Cameron shown that upon a balancing of equities issuance of an injunction would be in the public interest. Thus, Cameron has failed to meet his burden of demonstrating the existence of each

prerequisite necessary to warrant issuance of a preliminary injunction.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on November 29, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before December 27, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds*

---

[1] The appropriate manner in which to litigate the claims Cameron references in his motion for preliminary injunction and rebuttal is the filing of a separate 42 U.S.C. § 1983 action. Cameron indicates that he is presently preparing such an action with respect to his claims related to medical treatment provided to him at Bullock.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 15th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE