IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY FRANK CAMERON, #105591, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| | ) | [WO] |
| | ) | |
| DONAL CAMPBELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Jimmy Frank Cameron, a state inmate and frequent litigant in this court, challenges the manner in which correctional officers handcuffed him in September of 2005 and the medical treatment provided to him during his confinement in the Ventress Correctional Facility.  On April 6, 2007, Cameron filed a motion for retaliatory injunction in which he makes the conclusory assertions that medical treatment provided to him at the Bullock County Correctional Facility ["Bullock"] is "getting worse" and "parole was denied [on] 3-6-07" in retaliation for his having filed various civil actions in this court. *Court Doc. No. 47* at 1.  The court therefore construes this document as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*.

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11ᵗʰ Cir. 2002).

The four prerequisites Cameron must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Cameron outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Cameron challenges the medical treatment recently provided to him at Bullock and a decision by the Alabama Board of Pardons and

Paroles on March 6, 2007 denying his release on parole. He seeks issuance of an injunction "that plaintiff be given parole ...." *Court Doc. No. 47* at 2.[1]

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Cameron has proven a substantial likelihood of success on the merits. Having reviewed Cameron's request for preliminary injunctive relief and relevant evidentiary materials filed by defendants in several cases filed by Cameron, the court concludes that Cameron has failed to carry his burden. Other than self-serving, conclusory allegations of constitutional violations, Cameron presents no proof or objective evidence that the actions about which he complains violated or are now violating his constitutional rights. Essentially, the court has before it nothing other than Cameron's mere conclusions of law and unsupported factual allegations to suggest that the medical treatment and parole decision challenged in his motion for preliminary injunction ran afoul of the Constitution. Cameron has therefore failed to establish a substantial likelihood of success on the merits.

Cameron also fails to demonstrate that he will suffer the requisite irreparable injury

---

[1]With respect to Cameron's allegation of a denial of medical treatment, the defendants argued in response to a previous motion for preliminary injunction that Cameron has received all necessary treatment for his complaints. *Defendants' December 8, 2006 Response to Motion for Preliminary Injunction (Court Doc. No. 35).* In response to a complaint filed in *Cameron v. Allen, et al*, Case No. 2:06-CV-1115-MHT-TFM (M.D. Ala.), challenging medical treatment provided to Cameron at Bullock, the medical defendants submitted a special report supported by evidentiary materials demonstrating that health care personnel evaluate and provide treatment to Cameron each time he reports to the health care unit. *Cameron v. Allen, et al., supra. - Medical Defendants' February 28, 2007 Answer and Special Report (Court Doc. No. 22 and Court Doc. No. 23) -- Exhibit A (Medical Records of Jimmy Frank Cameron)* and *Exhibit B (Affidavit of Dr. Tahir Siddiq).* The specific treatment prescribed depends upon the observations and evaluations of Cameron's condition by the attending health care professional. These evidentiary materials likewise establish that attending physicians and other medical personnel have prescribed various medications during their treatment of Cameron's numerous complaints.

absent issuance of a preliminary injunction.  As noted, Cameron provides no proof or objective evidence in support of his allegations concerning the actions about which he complains.  The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture.  Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest.  Thus, Cameron has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.[2]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff on April 6, 2007 (Court Doc. No. 47) be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before April 23, 2007 the parties may file objections to the Recommendation.   Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2]The plaintiff is advised that if he seeks to challenge the alleged retaliatory actions referenced in his motion for preliminary injunction he may do so by filing a 42 U.S.C. § 1983 action against the proper medical defendants at the Bullock County Correctional Facility and a 28 U.S.C. § 2241 petition for habeas corpus relief against members of the Alabama Board of Pardons and Paroles.

4

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 10th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE