IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| ) | [WO] |
| ) | |
| DONAL CAMPBELL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 20, 2007, the plaintiff filed a motion for leave to amend (Court Doc. No. 60) in which he seeks to dismiss Donal Campbell, former commissioner of the Alabama Department of Corrections, and J. C. Giles, warden of Ventress Correctional Faciilty, as defendants in this cause of action. The court therefore construes this document as a motion to dismiss. Upon consideration of the motion to dismiss, the court concludes that this motion is due to be granted.

It is clear from the pleadings filed by the plaintiff that he names Campbell and Giles as defendants solely due to their supervisory positions. The law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003)

(concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir.2005) (In establishing liability under § 1983, a prisoner cannot rely on theories of vicarious liability or respondeat superior.). Thus, defendants Campbell and Giles are liable only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

The pleadings filed in this case demonstrate that neither Donal Campbell nor J. C Giles personally participated in the actions about which the plaintiff complains. Moreover, Cameron fails to allege any causal connection between the actions of these defendants and the alleged constitutional violation. Consequently, the claims lodged against Donal Campbell and J. C. Giles are due to be dismissed with prejudice.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the plaintiff be GRANTED.

2. The plaintiff's claims against Donal Campbell and J. C. Giles be dismissed with prejudice.

3. Donal Campbell and J. C. Giles be dismissed as defendants in this cause of action.

4. This case, with respect to the plaintiff's claims against defendants Holland and Alexander, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before September 10, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former

Fifth Circuit issued prior to September 30, 1981.

    Done this 27th day of August, 2007.

                                      /s/   Susan Russ Walker
                                SUSAN RUSS WALKER
                                UNITED STATES MAGISTRATE JUDGE