IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| ) | |
| DONAL CAMPBELL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

The plaintiff filed a motion for appointment of counsel on September 12, 2007 (Court Doc. No. 65). The court notes that the facts underlying the plaintiff's claims for relief are relatively simple and the law applicable to such claims is not complex. Moreover, the pleadings filed by the plaintiff in this and several other cases establish that the plaintiff is capable of presenting the necessary elements of his claims to this court and fail to demonstrate that there are exceptional circumstances justifying appointment of counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). To the extent plaintiff seeks appointment of counsel to aid in the location of inmate witnesses, this assertion likewise fails to establish an exceptional circumstance warranting such action as the plaintiff may, if necessary, request this information from the defendants.[1] Accordingly,

---

[1] In his complaint, the plaintiff identifies four inmates he alleges witnessed the challenged use of force which occurred on September 5, 2005. The plaintiff now maintains the presence of five

it is

ORDERED that the motion for appointment of counsel be and is hereby DENIED.

Done this 13th day of September, 2007.

      /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

inmate witnesses. Nevertheless, if it is necessary to procure the testimony of witnesses, the court will provide the plaintiff an opportunity to locate his inmate witnesses for purposes of having them provided testimony to the court.