IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY FRANK CAMERON,<br>AIS #105591, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| | ) | [WO] |
| | ) | |
| OFFICER HOLLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jimmy Frank Cameron ["Cameron"], a state inmate, filed this 42 U.S.C. § 1983 complaint challenging actions taken against him during his confinement at the Ventress Correctional Facility. The defendants remaining in this cause of action are Michael Holland and Inez Alexander, correctional officers employed at the aforementioned facility. Cameron seeks declaratory relief and monetary damages.

The defendants filed a special report and supporting evidentiary materials addressing Cameron's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the report filed by the defendants as a motion for summary judgment. *Order of December 2, 2005 - Court Doc. No. 16.* Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to

the motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Cameron is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial,

summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

3

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not thereby escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Cameron has demonstrated a genuine issue of material fact in order to preclude entry of summary judgment on his excessive force claim against defendants Holland and Alexander in their individual capacities. *Matsushita*, *supra*. However, the defendants are entitled to summary judgment on Cameron's claim lodged against them in their official capacities.

## II. DISCUSSION

In his complaint, Cameron maintains that on September 11, 2005 the defendants placed handcuffs on him, made him face the wall and then for no reason hit him on the side of his head. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Cameron alleges that he suffered a pinched nerve in his back as a result of this slap. The defendants adamantly deny the allegations made against them. Specifically, the defendants assert that several inmates, including Cameron, began shouting and became disruptive upon an order by defendant Alexander "not to turn the television on.... Inmate Jimmy Frank Cameron was one of the many inmates ... verbally reprimanded by Sgt. Carolyn Longmire for his negative behavior concerning the incident." *Defendants' Exhibit C (Affidavit of Inez D. Alexander) - Court Doc. No. 14-4* at 2. The defendants maintain that other than the verbal reprimand issued by Sgt. Longmire no other action was undertaken against Cameron.

4

## A.  Absolute Immunity

To the extent that Cameron sues the defendants in their official capacities, they are immune from suit.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities."  *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities.  Thus, the defendants are entitled to absolute immunity from the claims asserted by the plaintiff against them in their official capacities.

## B.  Individual Capacity Claims

Cameron specifically seeks relief from each of the defendants in their individual capacity.  *Plaintiff's Clarification of Claims -Court Doc. No. 73*.  Defendants Holland and

5

Alexander argue that they are entitled to qualified immunity on the plaintiff's excessive force claim. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, a qualified immunity defense is not available when a plaintiff alleges the use of excessive force, and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis*. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's allegation that defendants Holland and Alexander used excessive force against him, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the

6

> amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

Cameron contends that defendants Holland and Alexander threw him up against a wall and hit him on the side of the head for no reason. Cameron asserts that as a result of this blow to his head he suffered a debilitating "pinched nerve on his spine and almost died...." *Plaintiff's Amended Response to the Defendants' Special Report - Court Doc. No. 77* at 1. The defendants, however, deny Cameron's allegation and maintain they did not at any time on September 11, 2005 use physical force against him. Viewing the facts in the light most favorable to Cameron, as is required at this stage of the proceedings, the court concludes that the defendants are not entitled to qualified immunity as the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *See Skrtich*, 280 F.3d at 1301. Consequently, the motion for summary judgment with respect to the excessive force claim against defendants Holland and Alexander in their individual capacities should be denied.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  To the extent the plaintiff asserts claims against defendants Holland and Alexander in their official capacities, the motion for summary judgment be GRANTED and such claims be DISMISSED with prejudice as the defendants are entitled to absolute immunity on these claims.

2.  The motion for summary judgment as to the plaintiff's September 11, 2005 excessive force claim against defendants Holland and Alexander in their individual capacities be DENIED.

3.  The plaintiff's excessive force claim against defendants Holland and Alexander in their individual capacities arising from the alleged September 11, 2005 physical altercation be set for a jury trial.

It is further

ORDERED that on or before March 24, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of March, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE