USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| JIMMY FRANK CAMERON #105591 | 2:05CV920-MEF |
| DEFENDANT | TYPE OF PROCESS |
| OFFICER HOLLAND ET AL | SUBPOENA/ORDER |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Dr. Samuel Rayapati, c/o Ventress Correctional Facility
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
Hwy. 239 North, Clayton, AL 36016

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

OFFICE OF THE CLERK
U. S. DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, AL 36104

RETURNED AND FILED
MAY 20 2008
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| Number of process to be served with this Form 285 | 2 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT
Debra P. Hackett
TELEPHONE NUMBER: 954-3600
DATE: 5-12-08

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated.
(Sign only for USM 285 if more than one USM 285 is submitted)
Total Process: —
District of Origin No. 2
District to Serve No. 2
Signature of Authorized USMS Deputy or Clerk: K. Chavers
Date: 5/12/08

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☑ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above): 
☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above):
Date: 5/20/08  Time: 10:17 ☑ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or (Amount of Refund*) |
|---|---|---|---|---|---|
| 90.00 | | | 90.00 | | $0.00 |

REMARKS: 1st attempt - Undeliverable. Dr. Rayapati no longer employed @ Ventress Correctional Facility. Possible address located at 100 Maple Dr. Vidalia, GA 30474

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT


RECEIVED 2008 MAY 12 P 3 56

| Jimmy Frank Cameron #105591 | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Officer Holland et al | Case Number:[1] 2:05cv920-MEF |

TO: Dr. Samuel Rayapati
c/o Ventress Correctional Facility
Hwy. 239 North/P.O. Box 767
Clayton, AL  36016

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court | 2 A |
| United States Courthouse | DATE AND TIME |
| One Church Street, Montgomery, AL | 7/14/2008 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Debra P. Hackett, Clerk of Court | 5/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
P.O. Box 711
Montgomery, AL  36101

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

≈AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

RECEIVED
2008 MAY 12 P 3:56

Jimmy Frank Cameron #105591
V.
Officer Holland et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:05cv920-MEF

TO: Dr. Samuel Rayapati
c/o Ventress Correctional Facility
Hwy. 239 North/P.O. Box 767
Clayton, AL 36016

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>United States Courthouse<br>One Church Street, Montgomery, AL | 2 A |
| | **DATE AND TIME**<br>7/14/2008 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Debra P. Hackett, Clerk of Court | 5/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
P.O. Box 711
Montgomery, AL 36101

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**INSTRUCTIONS FOR SERVICE OF PROCESS BY U.S. MARSHAL**

Please type or print legibly, insuring readability of all copies. DO NOT DETACH ANY COPIES. Submit one complete set of this form (USM-285) and one copy of each writ for each individual, company, corporation, etc., to be served or property to be seized or condemned. The applicable fees for such service(s) (T28, USC Sec. 1921 establishes the fees for service of process by the U.S. Marshal) may be required prior to said service.

For service of any process upon an officer or agent of the United States Government, submit a copy of the writ and a set of Form USM-285 for each officer or agent upon whom service is desired. Submit three (3) additional copies of the writs for service upon the Government of the United States. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or his Deputy always certifies service on the U.S. Attorney and the Attorney General, regardless of whether other defendants on the writ were served.) Failure to provide any of the copies will delay service of the writ.

Complete all entries above the double line. Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the U.S. Marshal in expediting service.

If more than one writ and USM-285 is submitted on a single case, the U.S. Marshal will receipt for all of them on the first USM-285. You will receive for your records the last (No. 5) "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the writ is served, you will receive the No. 3 Notice of Service copy. This copy will be identical to the return to the Clerk of the Court.

Upon completion of all services (if the Marshals fees were not requested or tendered in advance or if additional fees are indicated), you will receive a "Billing Statement" (copy 4 of USM-285) from the United States Marshal. (NOTE: Copy 4 should be returned, by you, to the U.S. Marshal, together with your payment of the amount owed.

Additional supplies of the USM-285 may be obtained from the Clerk of the U.S. District Court or U.S. Marshal, without cost.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY FRANK CAMERON, #105591, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| | ) | |
| OFFICER HOLLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This cause is presently set for a jury trial on July 14, 2008 at 9:00 a.m. in Courtroom 2A of the United States Courthouse, One Church Street, Montgomery, Alabama. Upon review of the witness list filed by the plaintiff on May 9, 2008 (Court Doc. No. 122), and for good cause, it is

ORDERED that the Alabama Department of Corrections shall produce at the jury trial herein above described the following inmate:

> James Christopher Adams
> AIS #217254
> c/o Bibb County Correctional Facility
> Brent, Alabama 35034

Additionally, the Clerk of this court is hereby DIRECTED to issue subpoenas to the following for the above described jury trial:

> Dr. Samuel Rayapati
> c/o Ventress Correctional Facility
> Hwy. 239 North/P.O. Box 767
> Clayton, Alabama 36016

ATTEST: A True Copy.
Certified to ___5/12___, 20_08_.
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
Deputy Clerk

Gloria Johnson, L.P.N.
c/o Ventress Correctional Facility
Hwy. 239 North/P.O. Box 767
Clayton, Alabama 36016

Sgt. Carolyn Longmire
c/o Ventress Correctional Facility
Hwy. 239 North/P.O. Box 767
Clayton, Alabama 36016

Dr. Paul Corbier
c/o Draper Correctional Facility
2828 Alabama Hwy. 143/P.O. Box 1107
Elmore, Alabama 36025

It is further ORDERED that the United States Marshal execute and serve the necessary process herein cited above.[1]

Done this 12th day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] As noted in the court's May 1, 2008 order (Court Doc. No. 111 at 2), "whether the witness is subpoenaed by a pauper or not, Rule 45(c) requires that a subpoena must be accompanied by a per diem fee ($40 per day) and a subsistence fee if overnight stay is required, and mileage at $.445 per mile each way, or it need not be obeyed. The witness will be so informed by the subpoena. It is the responsibility of the subpoenaing party to provide that money to the clerk's office for tender with the subpoena. However, even if the plaintiff cannot tender the required fee, witnesses still may be subpoenaed and may still attend if they agree to do so without pay of the per diem fee and reimbursement of expenses."



## The Healthy Living Community

Join Now

| HOME | WELLNESS | COMMUNITY | FIND EXPERTS | HEALTH INFORMATION |

HOT TOPICS: JUST FOR MEN | JUST FOR WOMEN | RELATIONSHIPS | ENVIRONMENT | FAMILY | F

Wellness.com > Doctor > Internist > Georgia > Vidalia > **Samuel Rayapati**

**Vein & Vascular Center**
VA's Premier Vein & Vascular Center.

**Ask A Doctor Online**
Doctors, Nurses Standing By To Answer Your Questions Online ASAP!

Attention Doctors, Dentists, and Health Practitioners, Click Here to Improve Your Wellness.c

Samuel Rayapati, MD (91

Profile  Reviews



**Samuel Rayapati**, MD
**Rayapati Medical Clinic**
700 Maple Dr
Vidalia, GA 30474
Phone: **(912) 538-8822**
Fax: **(912) 538-8766**

Print   Get Directions



Map data ©2008 Tele A

**Provider Profile:**

Primary Specialty: Internist
University: Guntur Med Coll, Univ Of Hlth Sci, Guntur, Ap, India
Training: Huron Hosp -Cleveland Clinic, Internal Medicine
Practice: Rayapati Medical Clinic

**About:**

Samuel Rayapati practices as an Internist at Rayapati Medical Clinic in Vidalia, Georgia.

Are you Samuel Rayapati?
Click here to update your profile.

**Opinions:**

Have You Vis
Professional

★ ★ ★ ★ ★

**Services:**

Samuel Rayapati of Rayapati Medical Clinic provides Internist services at 700 Maple Dr. (912) 538-8822

**Staff:**

Samuel Rayapati

**Disciplinary A**

Check on this
at the Health a
Services Offic

Map 700 Maple Dr

Find Another Internist near Samuel Rayapati