IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591,    ) | |
| ) | |
| Plaintiff,    ) | |
| v.    ) | CASE NO. 2:05-cv-0920-MEF |
| ) | |
| OFFICER HOLLAND, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

## **O R D E R**

This cause is before the Court on the Defendants' Motion to Strike and/or Motion in Limine (Doc. # 151) filed on May 27, 2008.  On May 9, 2008, Plaintiff filed a witness list (Doc. # 122) in which he identified as witnesses he would call to testify at trial.  Included among those witnesses were two doctors and three LPNs who, according to Plaintiff, will testify regarding his injuries and how they may have been caused.  Defendants argue that Plaintiff has failed to comply with Section 4 of the May 1, 2008 Amended Uniform Scheduling Order because he did not disclose reports from certain expert witnesses identified in this case.  That section states that

> [t]he parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:
> From the plaintiff(s) -- **May 22, 2008**.

Doc. # 111 at p.2.  It is undisputed that Plaintiff has complied with the requirement that he identify persons who may be used at trial to present evidence under Rules 701, 702, 703, or

705 of the Federal Rules of Evidence. Defendants merely contend that Plaintiff failed to provide reports of from his expert witnesses. The Court notes, however, that Plaintiff is only required to provide reports from retained experts or employees who regularly provide expert testimony for him. The witnesses Plaintiff has identified are neither retained experts nor his employees. Thus, Plaintiff satisfied his obligations by merely identifying the witnesses. Accordingly, it is hereby ORDERED that Defendants' Motion to Strike and/or Motion in Limine (Doc. # 151) is DENIED.

Nothing in this Order is intended to relieve Plaintiff of any obligation imposed by law to subpoena witnesses if he wishes them to testify at trial. This ruling is merely an affirmation that if Plaintiff properly subpoenas the witnesses he has identified and provides them with the witness fee required by statute, he may call them as witnesses at trial because they were timely disclosed.

DONE this 29th day of May, 2008.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE