IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| JIMMY FRANK CAMERON (AIS # 1055910) | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:05-CV-920-MEF |
| OFFICER HOLLAND et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO MOTION IN LIMINE**

Come now the Defendants, through undersigned counsel and pursuant to the Court's Order (Court Doc No. 136), submit the following response expressing the good cause to deny the aforesaid motion in limine.

### I. "PAST PRISON RECORD"

Although not entirely clear whether Cameron is moving to limit the introduction of extrinsic evidence and/or the intrinsic impeachment of him about his extensive criminal record or his prison disciplinary record, it assumed that he wants to limit any testimony concerning his criminal history. As such, the Defendants plan on offering some if not all of the following intrinsically to impeach the Plaintiff's credibility, to establish bias, and/or to establish motive.

Basis for Life Sentence of Cameron

a. Six(6) Burglary convictions, March 28, 1967

b. One Grand Larceny conviction, March 28, 1967

c. Burglary 3rd degree conviction, May 4, 1981

d. Escape conviction, May 4, 1981

e. Promoting Prison Contraband conviction, May 4,1981

f. Arson 1st degree conviction , May 4, 1981

g. Promotion Prison Contraband and Violation of Controlled Substances Act conviction, June 16, 1987

h. Burglary 3rd conviction, January 21, 1991

i. Burglary 2nd conviction, December 16, 1991(Life Sentence)

The scope of proper cross-examination is set forth in Fed.R.Evid. 611(b), which provides as follows:

Scope of cross-examination. Cross-examination should be limited to the subject matter of the direct examination and matters affecting the **credibility** of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

Admittedly, Rule609(b) Fed.R.Evid. creates a strong presumption against the use for impeachment purposes of stale convictions. When a conviction is more than ten years old, it is not admissible unless the district court determines that its probative value substantially

outweighs its prejudicial effect. *See* Fed.R.Evid. 609(b); *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir.1992); *see also United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir.1987) (holding that convictions older than ten years should be admitted for impeachment purposes only very rarely).

However in the case *sub judice,* Cameron is clearly an inmate in the state prison, and the jury should know the basis of why Cameron now serves his "life" sentence. Further, the Defendants would offer that as a result of convictions by the State of Alabama and the many subsequent incarcerations are relevant and material in order to show 1) a motive to use false claims for compensation and 2) a bias against the State of Alabama including the Defendants who are corrections officers.

Fed.R.Evid. 404(b), which provides as follows:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

## II. "PLAINTIFF! PERIOD! NO WAY RELATED TO PINCHED NERVE PAST "

The undisputed evidence is that Alexander did not strike the Plaintiff[1]. The disputed evidence is that Holland purportedly slapped Cameron in the head. The further disputed evidence is the allegation of an "injury" (i.e. the pinched nerve) that "almost killed" the plaintiff. Cameron had suffered back injury from a 1982 automobile accident where he received a crushed back (Id. p. 52, ll. 17-23; p. 54, ll. 17-19; p. 59).Cameron has been receiving treatment for the back injury since (Id.).Cameron readily admits there is no documentation of any complaints of timely leg pain recorded in medical records (Id. pp. 75-76; 84, ll. 9-23; p. 85, ll. 1-10; pp. 87-89; p. 91; p. 92, ll. 16-23; p.93, ll. 1-14). Records do show that Cameron continually complains about his back, his insides, or chest before and after September 11, 2005 (Id.) Cameron is repeatedly referred to as a "malingerer" who exaggerates his symptoms (Id.)

Further, the entire medical record is to be used by the Defendants' expert witness, Dr. Hugh M. Hood to explain how there was a prior injury to Cameron's back from a traffic accident in the 1980's. Dr. Hood reports that he had reviewed the medical records of inmate Jimmy

Frank Cameron. If he testifies, Dr. Hood would need Franks' entire medical file offered into evidence as a supporting exhibit. Dr. Hood's report shows that Mr. Cameron had established diagnoses of treated squamous cell cancer of the tongue, infection with Hepatitis C, and a history of a shoulder injury and multiple compression fractures of the thoracic and lumbar spine from a motor vehicle accident. On September 11, 2005, Mr. Cameron alleges that he was slapped on the head and then much later, he subsequently developed left leg pain as a result. The medical record entries disclose that he has been seen multiple times for chronic back pain.

After reviewing the medical record, Dr. Hood was of the opinion that any leg pain was related to the development of spondylolosis, a chronic degenerative condition which develop as a result of trauma back injury in the past. A slap on the head could not have aggravated this spine condition or have caused leg pain to develop.

> WHEREFORE THE ABOVE PREMISES CONSIDERED, the Defendants pray that this Honorable Court enter an order admitting Cameron's prison records and/or criminal history be allowed as impeachment evidence. Further, the Defendants pray this Court allow the introduction his entire medical file or parts thereof as it charts Cameron's medical history and treatment while incarcerated in the prison system.

---

[1] Cameron testified that Alexander only set the acts of Holland in motion, and he readily admits that Holland is the only Defendant to actually have used force on him(Deposition of Cameron, pp. 14-16)

RESPECTFULLY SUBMITTED,

KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL

GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Legal Division
Alabama Department of Corrections
301 South Ripley Street
Montgomery, Alabama 36130
(334)-353-3879

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 2ND day of June, 2008, that I have mailed a copy of the foregoing via United States Mail properly addressed, postage prepaid first class to:

Jimmy Frank Cameron AIS # 105591
Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 36025

GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

Case 2:05-cv-00920-MEF-SRW    Document 157    Filed 06/02/2008    Page 7 of 7