IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:05-cv-0920-MEF |
| | ) |
| OFFICER HOLLAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

This cause is before the Court on Plaintiff's Motion in Limine (Doc. # 131) filed on May 14, 2008. By this motion, Plaintiff seeks the exclusion of irrelevant and inadmissible issues at trial. Specifically, Plaintiff seeks to exclude any reference to his past prison record and his past. Furthermore, Plaintiff states that he has proof of his allegations of a pinched nerve by x-ray reports. It is hereby ORDERED that the motion is CONDITIONALLY GRANTED in part and DENIED in part as set forth herein. Defendants shall not make any reference at trial to Plaintiff's past prison record without first establishing with the Court that the information is admissible under the Federal Rules of Evidence (specifically Federal Rules of Evidence 401, 403 and 404(b)). Furthermore, Defendants shall not make any reference at trial to Plaintiff's past except that Defendant shall be allowed to admit evidence about Plaintiff's past (1) as impeachment evidence under the applicable Federal Rules of Civil Procedure if Plaintiff testifies and (2) if Defendants first make a specific proffer of why the evidence is relevant and admissible under the Federal Rules of Evidence. To the extent that Plaintiff seeks to bar Defendants from arguing that Plaintiff has no proof that Defendants

caused his injuries, Plaintiff should understand that both sides will be allowed to introduce evidence and testimony pursuant to the Federal Rules of Evidence and thereafter make arguments based on the evidence and testimony about what reasonable inferences may be drawn from the evidence and testimony.  The jury then will decide which facts have been proven and what inferences are reasonable.  Consequently, if Defendants have admissible evidence which supports a contention that his allegations of a pinched nerve are false they may make that argument to the jury after the evidence is admitted into evidence.

     DONE this the 3rd day of June, 2008.

                                          /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE