IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, ) | |
| AIS #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-920-MEF |
| ) | [WO] |
| ) | |
| OFFICER HOLLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy Frank Cameron ["Cameron "], a state inmate and frequent litigant in this court. In this complaint, Cameron challenges the manner in which he was handcuffed on September 11, 2005 at the Ventress Correctional Facility. On June 10, 2008, Cameron filed a motion for retaliatory injunction in which he requests issuance of an injunction against officials at the Draper Correctional Facility "to stop the punishment of plaintiff and all inmates in B Dorm" arising from a rules violation committed by some inmates assigned to this dorm. *Court Doc. No. 169* at 3.[1] The court construes this document as a motion for

---

[1] Cameron asserts that since correctional officers discovered "two gallons of Julep", i.e., prisoner-made moonshine, in Dorm B during a search on June 5, 2008 the inmates of this dorm have been denied various rights and privileges. *Court Doc. No. 169* at 1-2. Specifically, Cameron complains he and the other inmates of Dorm B have been restricted to their living areas, fed last at meal time, not allowed to attend church services, denied canteen privileges, denied exercise on the outside yard and refused physical access to the law library.

preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Cameron demonstrates the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Cameron outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*,

30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

In the present motion for preliminary injunction, Cameron challenges allegedly improper adverse actions taken against him by correctional officials at the Draper Correctional Facility since June 5, 2008 and seeks issuance of an injunction against these officials for such actions.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Cameron has proven a substantial likelihood of success on the merits.  Having reviewed Cameron's request for preliminary injunctive relief, a request wholly unrelated to the claims presented in his complaint, the court concludes that Cameron has failed to carry his burden.  Other than self-serving, conclusory allegations of constitutional violations, Cameron presents no proof or objective evidence that the actions about which he complains in his motion violated or are now violating his constitutional rights.  Cameron has therefore failed to establish a substantial likelihood of success on the merits.

Cameron also fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  As noted, Cameron provides no proof or objective evidence in support of his allegations concerning the actions about which he

3

complains. The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Cameron has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction filed by the plaintiff on June 10, 2008 (Court Doc. No. 169) be DENIED.

It is further

ORDERED that on or before June 30, 2008 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in

---

[2]Cameron is advised that if he seeks to challenge the constitutionality of the actions referenced in his motion for preliminary injunction he may do so by filing a separate 42 U.S.C. § 1983 action with this court.

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

     DONE, this 17th day of June, 2008.

                                    /s/ Susan Russ Walker
                                    SUSAN RUSS WALKER
                                    CHIEF UNITED STATES MAGISTRATE JUDGE