## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-920-MEF |
| ) | |
| OFFICER HOLLAND, et al., ) | |
| ) | |
| Defendants. ) | |

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in

deciding this case.

When I have finished you will go to the jury room and begin your

discussions -- what we call your deliberations.

## A. Introductory Instructions

### 2.1
### Consideration Of The Evidence
### Duty To Follow Instructions
### No Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

2

## 3
## Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## 4.2
## Impeachment Of Witnesses
### Inconsistent Statement And Felony Conviction

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## 5.1
## Expert Witnesses
## General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## 6.1
## Burden Of Proof
## When Only Plaintiff Has Burden Of Proof

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## B. Federal Claims Instructions

### 2.3.1
### Civil Rights
### 42 USC § 1983 Claims
### Eighth Amendment Claim
### Convicted Prisoner Alleging Excessive Force

In this case the Plaintiff claims that Officer Holland, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while Officer Holland was acting under color of state law as a Correctional Officer at the Ventress Correctional Facility, he intentionally violated the Plaintiff's constitutional right to be free of cruel and unusual punishment.

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

7

First:       That Officer Holland intentionally handcuffed Plaintiff
             and slapped him on the head without justification;

Second:      That Officer Holland's conduct amounted to the
             use of "excessive force" against the Plaintiff, as
             hereafter defined;

Third:       That in so doing Officer Holland acted "under
             color" of state law; and

Fourth:      That Officer Holland's acts were the proximate or
             legal cause of damages sustained by the Plaintiff.

With regard to the third required element of proof, a state or local official

acts "under color" of state law not only when the official acts within the limits of

lawful authority, but also when the official acts without or beyond the bounds of

lawful authority. In order for unlawful acts of an official to be done "under color"

of state law, however, the unlawful acts must be done while the official is

purporting or pretending to act in the performance of official duty; that is, the

unlawful acts must be an abuse or misuse of power which is possessed by the

official only because of the position held by the official.

The constitutional right to be free of cruel and unusual punishment includes

the right not to be subjected to excessive force while being detained in custody by

a law enforcement or corrections officer. On the other hand, not every push or

shove, even if it later seems unnecessary, will give rise to a constitutional

violation; and an officer always has the right, and the duty, to use such

reasonable force as is necessary under the circumstances to maintain order and

assure compliance with prison regulations. Whether or not any force used in this

instance was excessive is an issue for you to decide on the basis of whether such

8

force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, when prison officials maliciously and sadistically use force to cause harm, the result would be cruel and unusual punishment regardless of the significance of the injury to the inmate.

**Civil Rights**
**42 USC § 1983 Claims**
**Eighth Amendment Claim**
**Convicted Prisoner Alleging Deliberate Indifference to Excessive Force by**
**Another Correctional Officer**

In this case the Plaintiff claims that Officer Alexander, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while Officer Alexander was acting under color of state law as a Correctional Officer at the Ventress Correctional Facility, she intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution. More specifically, the Plaintiff claims that the Officer Alexander was deliberately indifferent to a substantial risk of serious harm to him in failing to protect him from the use of excessive force by Officer Holland.

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification. A corrections officer would violate that right either by assaulting or beating an inmate without legal justification or by being deliberately indifferent to an inmate's need to be protected from a substantial risk of serious harm arising from the use of excessive force by other Correctional Officers. Stated another way, to be deliberately indifferent to an inmate's substantial risk of serious harm arising from

10

the use of excessive force by other Correctional Officers amounts to the

imposition of cruel and unusual punishment in violation of the Eighth Amendment.

The law further provides that a person may sue in this Court for an award

of money damages against anyone who, "under color" of any state law or custom,

intentionally violates the Plaintiff's rights under the Constitution of the United

States.

In order to prevail on this claim, the Plaintiff must prove each of the

following facts by a preponderance of the evidence:

| | |
|---|---|
| First: | That Officer Holland used "excessive force" against the Plaintiff, as hereafter defined; |
| Second: | That Officer Alexander knew that the other Corrections Officer was about to use excessive force on Plaintiff; |
| Third: | That the Officer Alexander had a realistic opportunity to do something to prevent harm from occurring to Plaintiff; |
| Fourth: | That the Officer Alexander deliberately or intentionally failed to take reasonable steps to prevent harm from occurring; |
| Fifth: | That Officer Alexander's failure to act was a proximate or legal cause of the damages sustained by the Plaintiff; and |
| Sixth: | That Officer Alexander acted under color of law. |

The first required element of proof requires you to decide whether Officer

Holland used "excessive force" against the Plaintiff. As I have previously

explained, the constitutional right to be free of cruel and unusual punishment includes the right not to be subjected to excessive force while being detained in custody by a law enforcement or corrections officer. On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation; and an officer always has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. Whether or not any force used in this instance was excessive is an issue for you to decide on the basis of whether such force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, when prison officials maliciously and sadistically use force to cause harm, the result would be cruel and unusual punishment regardless of the significance of the injury to the inmate.

With regard to the fourth required element of proof, deliberate or intentional conduct on the part of Officer Alexander is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of Officer Alexander is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

With regard to the fifth required element of proof -- that each of Officer

12

Alexander's acts were the proximate or legal cause of damages sustained by the Plaintiff -- remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

With regard to the sixth required element of proof, a state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

13

### 2.3.1 and 2.3.2
### Damages

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant(s). Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of Plaintiff's injury -- tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

14

     (a)    Physical pain and suffering;

     (b)    Emotional injury if accompanied by more than minimal
physical injury;

     (c)    Nominal damages (as explained in these instructions); and

     (d)    Punitive damages, if any (as explained in these instructions).

**Nominal damages.**  You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that Plaintiff's damages have no monetary value.

**Punitive damages**.  The Plaintiff also claims that the acts of the Defendant were done  with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against a Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages, and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

## 7.1
## Duty To Deliberate
## When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**8**
## Election Of Foreperson
## Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


CHIEF UNITED STATES DISTRICT JUDGE

DATE: __15 July 2008__

17